Matter of Amer (Commissioner of Labor) (2025 NY Slip Op 00508)

Matter of Amer (Commissioner of Labor)

2025 NY Slip Op 00508

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-2221
[*1]In the Matter of the Claim of Amal Amer, Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Amal Amer, Staten Island, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2023, which denied claimant's application for reopening and reconsideration of a prior decision.
In May 2022, the Department of Labor issued an initial determination disqualifying claimant from receiving unemployment insurance benefits from March 30, 2020 through July 4, 2021, finding that she was "not totally unemployed and/or worked and earned more than the maximum weekly benefit" and that she had made willful misrepresentations in that regard to obtain benefits and charged claimant with recoverable overpayments of regular unemployment benefits, federal benefits (see 15 USC § 9023 [f] [2]) and lost wage assistance benefits (see 44 CFR 206.120 [f] [5]). Additionally, claimant's right to receive future benefits was reduced by 200 days until May 23, 2024 and civil penalties were imposed. Following several hearings wherein claimant admitted to her continued employment as a home health aide during the benefits period, an Administrative Law Judge (hereinafter ALJ), among other things, upheld the initial determination. Upon administrative appeal, the Unemployment Insurance Appeal Board, in a decision filed March 15, 2023, affirmed. Claimant applied for reopening and reconsideration, which, by decision filed October 5, 2023, the Board denied. Claimant appeals.
As a threshold matter, although claimant filed a notice of appeal from the Board's March 15, 2023 decision affirming the willful misrepresentation finding, she did not timely perfect her appeal from that decision or apply for an extension of time to do so (see 22 NYCRR 1250.10 [a]; 1250.9 [b]). Accordingly, claimant's appeal from the March 2023 decision was deemed dismissed by operation of law (see 22 NYCRR 1250.10 [a]; Matter of Spellen [Commissioner of Labor], ___ AD3d ___, ___, 2024 NY Slip Op 06098, *1 n 1 [3d Dept 2024]), and any arguments challenging that decision are not properly before us (see Matter of Komar [Commissioner of Labor], 213 AD3d 1085, 1086 [3d Dept 2023]).
As for claimant's appeal from the Board's decision denying her application to reopen the matter, "[a] decision as to whether to grant [such an application] is within the sound discretion of the Board and, absent a showing that it abused that discretion, its decision will not be disturbed" (Matter of Aiello [Commissioner of Labor], 227 AD3d 1256, 1257 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Battaglia [Commissioner of Labor], 177 AD3d 1074, 1075 [3d Dept 2019]). In support of her application to reopen the matter, claimant argued that the ALJ improperly refused to allow a witness to testify on her behalf at the administrative hearing and that the interpreter provided to her was inadequate. She also claimed that she suffers from a mental health condition that impacted her understanding of the form she used to certify for unemployment benefits. We will address these arguments in turn.
Claimant, who speaks [*2]Arabic and has limited English proficiency, sought to call a friend who had translated the forms she used to certify for unemployment benefits to testify on her behalf at the administrative hearing, revealing that his testimony would show that she was not "intentionally . . . trying to deceive with the answers" she provided but was simply confused by the questions. The ALJ denied this request, finding that the friend's testimony would be duplicative as claimant had already testified that her misrepresentations were not intentional and the ALJ accepted her testimony as credible. Insofar as "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]), the Board did not abuse its discretion in declining to reopen the matter on this ground. Moreover, the record does not support claimant's assertion that her interpreter at the hearing was insufficient (see Matter of Yura [Commissioner of Labor], 224 AD3d 1055, 1057 [3d Dept 2024]). Nor does the medical documentation she provided regarding her mental health "substantiate that [her] . . . condition impaired" her ability to accurately certify for unemployment benefits (Matter of Rabess [Commissioner of Labor], 104 AD3d 988, 989 [3d Dept 2013]). Upon considering claimant's application and reviewing the record, we find no abuse of discretion in the Board's denial of claimant's application to reopen and reconsider the matter (see Matter of Yura [Commissioner of Labor], 224 AD3d at 1057; Matter of Komar [Commissioner of Labor], 213 AD3d at 1086).
Garry, P.J., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.